UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY G. OSSANA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case Nos. 1:18CV11 SNLJ |
| | ) | 1:18CV35 SNLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED MEMORANDUM AND ORDER

These cases are before the Court on two motions to set aside two previous sentences

pursuant to Title 28, United States Code, Section 2255. Both motions arise from pleas of guilty

petitioner entered for separate offenses of Felon in possession of a Firearm. His first Motion,

filed in Case Number 1:08 CR 00135 SNLJ, was filed on January 22, 2108. His second Motion,

filed in Case Number 1:14 CR 00018 SNLJ, was filed on February 16, 2018. Both motions seek

the same result and both issues can be addresses together. These cases are fully briefed, though

petitioner filed no replies to the government's responses in opposition, and though petitioner was

repeatedly granted leave to do so.


### PROCEDURAL HISTORY


**Case Number 1:08 CR 00135 SNLJ.**

On October 16, 2008, Timothy Ossana was indicted by a grand jury for the Eastern

District of Missouri, Southeastern Division, for a single count of Felon in Possession of a

Firearm. (Case Number 1:08 CR 00135 SNLJ, DCD 1) On September 9, 2009, Ossana pled

guilty to the charge in the Indictment, accompanied by a written plea agreement. (Case Number 1:08 CR 00135 SNLJ, DCD 51) That plea agreement contained an agreement between the parties to the effect that Ossana waived his right to bring a habeas petition:

> (2)    Habeas Corpus: The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Case Number 1:08 CR 00135 SNLJ, DCD 51, p. 3)

A Presentence Investigation Report was prepared for Ossana's sentencing. That report reflected that Ossana had a prior conviction for Arizona Aggravated Assault. (Case Number 1:08 CR 00135 SNLJ, DCD 73) The PSR classified that conviction as a crime of violence, thereby raising Ossana's base offense level from 14 to 20 under U.S.S.G. Section 2K2.1(a).

A sentencing hearing was held for Ossana on May 14, 2010. At that time, this Court sentenced Ossana to a term of imprisonment of 63 months. Ossana appealed that sentence, asserting that his prior conviction was improperly classified as a crime of violence.  The first decision on the merits of this classification, *United States v. Ossana,* 638 F.3d 895 (8th Cir.

2011) (*Ossana I*), decided that the record was- insufficient for the district court to find the conviction to be a crime of violence. *Id.* at 904. ("Here, given the vagueness of Ossana's objections below, we believe it is appropriate to permit the government to expand the sentencing record and permit the use of additional *Shepard*-qualifying materials (if any exist) at resentencing.")

A second sentencing hearing was held on July 12, 2011. Upon remand, the Government introduced a transcript of the plea colloquy from the Arizona conviction. A portion of that plea transcript read as follows:

Court:        Okay. So why don't you go ahead and tell me what happened on or about June 24th, 1998?

Ossana:        Um, okay. On June 23rd, I guess June 24, I - - I was in my vehicle. I was parked in a motel parking lot talking to a friend. He was leaned up against the passenger side of the car. I had a passenger in the car. Two police officers approached me, one ordered me to turn off the vehicle. I asked he [sic] why. Um, had I broken the law? He says no, turn it off. And in the meantime, another officer approached the driver's side of the vehicle and asked me to turn the car off and roll down the window. He asked me to roll down the window. I rolled down my window. I asked him what he wanted and he said, I said turn off the car. He started hitting my window with the stick and - - a baton, whatever. So I took off my - - my car and I ran over his bicycle.

Def. Atty.:        They were bicycle cops, Your Honor. Bike was in back of car. He

|  |  | ran over it at the same time the officer was - - had to jump out of the way of the vehicle. |
|---|---|---|
| Court: | | You could have run over an officer; right? |
| Ossana: | | Unintentionally. I know it wasn't a smart thing to do. |
| Court: | | You put your nephew in a position where if you ran over a - - the officer; right? |
| Ossana: | | Yes. |

(Case No. 1:08CR00135 SNLJ; Sent. Hrg, Exh. 8. Plea Tr. pp. 7, 8)

Based on that record, this Court again found Ossana's Arizona Aggravated Assault conviction to be a crime of violence. (Case No. 1:08CR00135 SNLJ, DCD 106, p. 18) Ossana again appealed. The Eighth Circuit affirmed this Court's finding that the conviction was a crime of violence in *United States v. Ossana*, 679 F.3d 733 (8th Cir. 2012) ("*Ossana II*"). That decision includes references to the Arizona statutes of conviction, Ossana's charging documents, and the transcript of Ossana's plea colloquy. *Id.* at 734-36. This Court found that Ossana committed his crime by violating the second subsection of Arizona Aggravated Assault by intentionally placing another person in reasonable apprehension of imminent physical injury and that the crime was a crime of violence:

> Here, the record shows the officer was in fear of imminent harm—he was forced to jump out of the way of a moving vehicle that ultimately ran over his bicycle. Based upon this fact, it is reasonable to infer that the officer *successfully* jumped from harm's way and was not injured. In the absence of an injury, we must infer

4

the conviction did not stem from a violation of <u>Ariz.Rev.Stat. § 13–1203(A)(1)</u> and therefore must have involved subsection (A)(2).

*Id*. at 736.

This Court's decision finding that Ossana's prior conviction for Arizona Aggravated Assault was a crime of violence was affirmed, as well as Ossana's sentence. Ossana served his sentence and was released on supervised release on May 8, 2013. On December 9, 2013, that supervised release was revoked and Ossana sentenced to another term of imprisonment of four months. He was released on March 21, 2014, subject to another two years of supervised release. (Case Number 1:14 CR 00018 SNLJ; PSR; DCD 30, p. 14)

**Case Number 1:14 CR 00018 SNLJ.**

After his release from his first prison sentence for Felon in Possession of a Firearm, Ossana was once again found in possession of a firearm. On March 20, 2014, Ossana was charged by a grand jury for the Eastern District of Missouri, Southeastern Division, for Felon in Possession of a Firearm. Ossana pled guilty to that charge on May 27, 2014. Another PSR was prepared for Ossana, again finding that his previous conviction for Arizona Aggravated Assault was a crime of violence. A sentencing hearing was held on September 8, 2014, in which this Court found again that Ossana's disputed conviction was a crime of violence. As part of the sentencing announcements, this Court stated:

> First of all, the sentence I'm going to impose I would impose against you whether or not this prior felony conviction in Arizona was considered a felony - - an

aggravated felony or violent felony or not, so I just want to make that clear that

it's not - - that the actual legal categorization of the term is not in any way

affecting the sentence that I'm giving you now even though it would reduce

theoretically the guideline provisions down from the 51 months to 63 months.

What I'm more concerned is that, you know, you just for some reason cannot

abide by the terms of your supervised release. You continue to use firearms or

possess firearms I should say. And why in the world you would risk everything

again by possessing a firearm I don't know.

You know, I regret having to impose another sentence against you like the one

that was imposed the last time around, but what am I supposed to do? I mean,

you do the same things over and over. I mean, you know they're felonies. You

know you're going to go back to prison, and, you know, you can only blame your

background only so much.

I mean, you've got a lot going for you. You're a very intelligent person. I think

you really can make it I'm sure if you'd just get a little bit of self discipline in

your life somehow, some way.


(Case Number 1:14 CR 00018 SNLJ, DCD 51,Sent. Tr., p. 12, 13)

   This Court then imposed a sentence of 60 months imprisonment, followed by a

two-year term of supervised, and a special assessment of $100. There were no objections to the

manner in which this Court imposed its sentence.

   On September 16, 2014, Ossana filed a Notice of Appeal, challenging once again the

classification of his conviction for Arizona Aggravated Assault as a crime of violence. In *United*

*States v. Ossana*, <u>607 Fed.Appx. 599</u> (8th Cir. 2015) (*Ossana III*), the Eighth Circuit reaffirmed is previous decision that Ossana's crime was a crime of violence, holding that: "We addressed the classification of the same Arizona conviction in depth in *Ossana II*, and Ossana raises no new evidence nor arguments to cast doubt upon our prior holding or require a different result. The district court in the present case properly determined that the Arizona conviction qualifies as a crime of violence." *Ossana III*, <u>607 Fed.Appx. at 600</u>.

Ossana asked for certiorari review from the Supreme Court as to his issues. That request was denied, with the final denial coming on October 8, 2016, when that Court denied Ossana's Motion for Reconsideration. (Ossana's Petition; Case Number 1:18 CV 00035 SNLJ; p. 10) That date is a significant date for the resolution of Ossana's issues here, because it marks the date when Ossana's second Felon in Possession of a Firearm sentence became final.


**Habeas Petitions 1:18 CV 00011 SNLJ and 1:18 CV 00035 SNLJ.**


In his petitions, Ossana notes that his Arizona court of conviction amended his plea agreement to eliminate any reference to the subsections of Ariz.Rev.Stat. 13-1204. This amendment occurred on March 2, 2017. Ossana contends that this modification clearly demonstrates that he actually pled guilty to recklessly assaulting his victim, now no longer referred to as a peace officer, and that this crime could not be a crime of violence. ("Judge Miller has removed the citations to subsections "(A)(2) and (C)" of A.R.S. 13-1204 as well as the language referring to the victim as a "a peace officer, while engaged in the execution of any official duty," from that Plea Agreement so that it now reflects the offense of Aggravated Assault, a class three felony violation of simply "<u>A.R.S. § 13-1204</u>, [punishable by] § 13-603, . . . [Arizona's general sentencing statutes].")

Ossana's complaint revolves around the classification of one of his prior convictions as a crime of violence for sentencing purposes. This issue is important for the calculation of Ossana's Guideline offense levels for his offenses of Felon in Possession of a Firearm under U.S.S.G. Section 2K2.1. A defendant with no prior felony convictions for a crime of violence (or controlled substance offense) will have a base offense level of 14. U.S.S.G., Section 2K2.1(a)(6). A defendant who has one prior felony conviction for a crime of violence (or controlled substance offense) will have a base offense level of 20. U.S.S.G., Section 2K2.1(a)(4)(A). A defendant with two prior convictions for crimes of violence (and/or controlled substance offenses) will have a base offense level of 24. U.S.S.G., Section 2K2.1(a)(2). Ossana was found to have one conviction for a crime of violence for purposes of his previous two sentences, that of Arizona Aggravated Assault. In his current Motions, Ossana claims that this conviction is no longer a crime of violence. He requests resentencing without the increased offense levels due to that crime being classified as a crime of violence.

## APPLICABLE LAW

**A.      Need for Evidentiary Hearing and Burden of Proof:**

28 U.S.C. § 2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not

> entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*., at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995) *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

**B.      Ineffective Assistance of Counsel:**

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, <u>466 U.S. at 687</u>. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, <u>466 U.S. at 687</u>. The movant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, <u>466 U.S. at 694</u>.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, <u>1 F.3d 697, 700</u> (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, <u>201 F.3d 1025, 1027</u> (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" *Strickland*, <u>466 U.S. at 689</u>, 104 S.<u>Ct. at 2065</u>. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, <u>201 F.3d at 1027</u>, quoting *Strickland,* <u>466 U.S. at 688</u>, 104 S.<u>Ct. at 2064-65</u>. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, <u>201 F.3d at 1027</u>. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, <u>466 U.S. at 689</u>, <u>104</u>

S.Ct. at 2065.

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 U. S. at 267.


## ANALYSIS

This Court will deny Ossana relief on both petitions because his amended written plea agreement does not change the analysis of his statute of conviction as a crime of violence. Ossana's state court plea colloquy was used to find that his crime was committed intentionally, not recklessly. The analysis used twice by this Court and twice by the Eighth Circuit in affirming Ossana's sentences is unchanged by Ossana's amended written plea agreement. Furthermore, Ossana's amended plea agreement is not a new "fact" entitling him to avoid the limitations period to file these petitions. Finally, claims of Guideline error are simply not cognizable in Section 2255 petitions.

**Waiver of Right to File Habeas Petition in Case Number 1:08 CR 00135 SNLJ.**

Ossana's initial habeas Petition, Case Number 1:18 CV00011 SNLJ, concerns Ossana's original Felon in Possession of a Firearm case (Case Number 1:08 CR 00135 SNLJ). As noted, Ossana waived his right to file a habeas petition in this case in his plea agreement and his

petition in Case Number 1:18 CV 00011 SNLJ should be dismissed on that basis alone. A defendant may waive his right to seek collateral relief under Section 2255. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *Id.* Ossana's waiver of his right to file this petition is enforceable as all these conditions are met. Ossana did not waive his right to file a Section 2255 petition in his second conviction, and this Court will consider the issues raised in that petition.

**Judge Miller's Amendment Did Not Affect the Previous Eighth Circuit Decisions.**

As noted, this Court (three occasions) and the Eighth Circuit (two occasions) has found Ossana's previous conviction for Arizona Aggravated Assault to be a crime of violence. Ossana contends that the 2017 change in his written state plea agreement now requires a different analysis of his conviction. He is mistaken.

When the Eighth Circuit analyzed Ossana's conviction documents, they focused on his plea colloquy. That colloquy demonstrated, and still demonstrates, that Ossana used a vehicle to place a police officer in reasonable apprehension of imminent physical injury. The plea colloquy, just like Ossana's written plea agreement and the charging Indictment, can be used to make the determination that Ossana's crime is a crime of violence. The Eighth Circuit did so after reviewing Ossana's plea colloquy, in *Ossana II*, when it stated:

Here, the record shows the officer was in fear of imminent harm—he was forced

to jump out of the way of a moving vehicle that ultimately ran over his bicycle. Based upon this fact, it is reasonable to infer that the officer *successfully* jumped from harm's way and was not injured. In the absence of an injury, we must infer the conviction did not stem from a violation of Ariz.Rev.Stat. § 13–1203(A)(1) and therefore must have involved subsection (A)(2).

*United States v. Ossana*, 679 F.3d at 736.

Ossana's amended plea agreement did not change the original charge, nor the transcript of his plea colloquy. When the Eighth Circuit analyzed the issue, it focused solely on the statute of conviction and Ossana's plea colloquy, never mentioning his written plea agreement. Ossana's modification of his written plea agreement does not change any fact necessary for the determination of this issue by the Eighth Circuit, or by this Court.

The Sentence of Imprisonment form issued by the Superior Court of Arizona, Pima County, shows that Ossana was convicted of Ariz.Rev.Stat. Section 13-1204, the relevant portions of which are set out as follows:

A.  A person commits aggravated assault if the person commits assault as defined in § 13-1203 under any of the following circumstances:

. . .

2.  If the person uses a deadly weapon or dangerous instrument.

. . .

5.  If the person commits the assault knowing or having reason to know that the victim is a peace officer, or a person summoned and directed by the officer while engaged in the execution of any official duties.

13

<u>Ariz.Rev.Stat. Section 13-1204</u>.

There are two completely separate means of committing Arizona Aggravated Assault shown above; one where the defendant uses a deadly weapon or dangerous instrument and the other where the defendant assaults a peace officer.

The general Arizona assault statute sets out that offense conduct as follows:

A.    A person commits assault by:

1.    Intentionally, knowingly or recklessly causing any physical injury to another person; or

2.    Intentionally placing another person in reasonable apprehension of imminent physical injury; or

3.    Knowingly touching another person with the intent to injure, insult or provoke such person.

<u>Ariz.Rev.Stat. Section 13-1203</u>.

A defendant can commit Arizona simple assault by one of the three methods set out in Section 13-1203. That simple assault becomes aggravated assault if the defendant commits one of the aggravating factors set out in Section 13-1204.

Ossana's Sentence clearly shows that he was convicted of Arizona Aggravated Assault, which means that the state court believed that Ossana had committed both Arizona simple assault, plus one of the aggravating factors set out in Section 13-1204. It only requires one of those factors to be Arizona Aggravated Assault.

And Ossana's Sentence sets out that type of aggravating factor clearly. It states the offense as "Aggravated Assault, Deadly Weapon/Dangerous Instrument." (Exhibit 1, p. 2) The

only remaining factor is to determine which of the three types of simple assault that Ossana committed under Ariz.Rev.Stat. Section 13-1203.

The Eighth Circuit has already made this determination from looking at all of Ossana's documents, finding that he committed subsection (2) offense conduct, relying on Ossana's plea colloquy. Nothing changed by the Arizona state court, nothing argued by Ossana, and nothing in new case law suggests that the prior analysis was incorrect. That Court, and this Court, examined the conviction documents in the following manner.

Courts first look to apply the 'categorical approach' articulated by the Supreme Court in determining whether a prior conviction was for a crime of violence under § 4B1.2(a).[1] *United States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011). Under this approach, the sentencing court is generally prohibited from delving into particular facts disclosed by the record of conviction, thus leaving the court to look only to the fact of conviction and the statutory definition of the prior offense. *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 17, 125 S. Ct. 1254 (2005)). When a statute of conviction encompasses several different crimes, some of which qualify as crimes of violence and some of which do not, courts may use a 'modified categorical approach' to determine which part of the statute was the basis for the conviction. *Vinton*, 631 F.3d at 484. Under the modified categorical approach, a court may examine the trial record, including charging documents, jury instructions, written plea agreements, *transcripts of plea colloquies*, and findings of fact and conclusions of law from a bench trial. *Id.* (citing *Shepard*, 544 U.S. at 20, 125 S. Ct. 1254 (emphasis furnished)).

That analysis has happened, twice before in this Court and twice before by the Eighth Circuit. All Courts came to the conclusion that Ossana's conduct was under Subsection (2) of

---

[1] Ossana does not argue that the statute underlying his prior Arizona conviction is indivisible or contest the use of Shepard documents in determining whether it was a crime of violence.

Arizona's assault statute (Section 13-1203) in that his conduct involved "intentionally placing another person in reasonable apprehension of imminent physical injury." None of the documents relied on by the Eighth Circuit in their opinions have changed. Ossana's statute of conviction has not changed. His conviction for Arizona Aggravated Assault was, and still is, a crime of violence, even if he were to be resentenced again today.

There was no error by this Court in finding that Ossana's prior conviction for Arizona Aggravated Assault was a crime of violence. There is no basis to change that determination now. This Court finds that Ossana's claims are without legal merit and will deny relief.

**Ossana's Amended Plea Agreement is Not a "Fact" Entitling Him to Habeas Review.**

Limitation Period for Filing Section 2255 Claims:

Each defendant convicted of a federal crime has the right to file one habeas petition under 28 U.S.C. Section 2255, provided they meet certain conditions. One of those conditions is a one year limitation period for filing this type of claim.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. Section 2255(f).

Ossana believes that his petition is timely under 28 U.S.C. Section 2255(f)(4). (Ossana's Petition, p. 18). ("Movant easily meets this requirement because he is filing this Motion under 28 U.S.C. section 2255(f)(4) well within 1 year of the time he received notice that Honorable Judge Leslie Miller issued her Nunc Pro Tunc Order of March 2, 2017 correcting the language of the Plea Agreement Movant entered into . . .") Ossana makes two errors in this conclusion; first, he has not exercised "due diligence" to secure his Amended Plea Agreement to avoid the statute of limitations in Section 2255(f)(4), and second, an Amended Plea Agreement would not be a new "fact" under Section 2255(f)(4).

In *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571 (2005) the defendant obtained the vacatur of one of his prior convictions that was used to classify him as a career offender. Johnson, like Ossana here, claimed that the order vacating the conviction was a "fact" for purposes of Title 28, U.S.C. Section 2255(f)(4). The relevant dates for this issue are as follows:

1983 to 1993   Johnson convicted of two separate Georgia felonies of distributing cocaine.

1994   Johnson indicted and convicted of distribution of cocaine base in federal court. Sentenced as a career offender.

2/6/98   Johnson filed a petition in state court to vacate one of his state prior convictions.

Johnson's motion was successful and one of his qualifying career offender predicate convictions was vacated. *Id.* at 300. Johnson then filed a Section 2255 petition, alleging that his facts were discovered less than one year before he filed the immediate Section 2255 petition, alleging that the petition was timely filed under Section 2255(f)(4). The Supreme Court rejected Johnson's argument, finding that he had not used due diligence to seek review of his state conviction:

> Although Johnson knew that his conviction subjected him to the career offender enhancement, he failed to attack the predicate for enhancement by filing his state habeas petition until February 1998, more than three years after entry of judgment in the federal case. Indeed, even if we moved the burden of diligence ahead to the date of finality of the federal conviction or to AEDPA's effective date two days later, Johnson would still have delayed unreasonably, having waited over 21 months. Johnson has offered no explanation for this delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures. But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think Johnson fell far short of reasonable diligence in challenging the state conviction. Since there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition, the fourth paragraph of § 2255 is unavailable, and Johnson does not suggest that his motion was timely under any other provision.

*Johnson*, 544 U.S. at 311.

Following Johnson, the Seventh Circuit denied habeas relief to the defendant in *Wilson v. United States*, 413 F.3d 685 (7th Cir. 2005), when that defendant attempted to file a Section 2255 proceeding after obtaining a vacatur of his prior state conviction used to enhance his sentence as a career offender. Wilson was sentenced as a career offender in March, 1998, in federal court for his conviction. In June, 2001, Wilson filed a motion to set aside his state conviction. That motion was successful. Wilson then attempted to file a Section 2255 petition, asserting his state court vacatur as a new fact to avoid the one year limitation period under Section 2255(f)(4). The

district court found that the federal habeas petition was untimely under Section 2255(f)(4), a decision that was affirmed by the Seventh Circuit: "*Johnson* holds that an unexplained 21–month delay is too long; an unexplained 38–month delay also must be too long." *Wilson*, <u>413 F.3d at 688</u>. Similarly, Ossana's wait of at least ten years to even contact that state court, or 16 years to file the appropriate motion, is not the exercise of due diligence that can avoid the one year limitation period set out in Section 2255(f)(4). *See also Wright v. United States*, <u>301 Fed.Appx. 871</u> (11th Cir. 2008) (Wait of two years after conviction was too long to qualify as due diligence).

Comparing *Johnson* to Ossana's facts reveals the following. Johnson filed his attack on his predicate state conviction three years before filing his 2255, and that amount of time was deemed to be too long to qualify as "due diligence" under the statute. Ossana's Arizona Aggravated Assault conviction occurred on April 6, 1999. Ossana filed his first motion concerning his state conviction in July, 2009, around 10 years after his conviction for that offense. (Case Number 1:18 CV 00011 SNLJ; DCD 1, Ossana's Petition; p. 19) Ossana's actual Motion to Correct his Plea Agreement was filed sometime after January, 2016, around 16 to 17 years after his original conviction, and years after his first and second federal convictions for Felon in Possession of a Firearm. Ossana waited until after three different Eighth Circuit opinions were issued finding his conviction to be a crime of violence before he filed the motion to correct his plea agreement. Pursuant to the holding in *Johnson*, Ossana has not exercised "due diligence" and his petition will be dismissed as untimely under subsection (4) of Section 2255(f).

**Ossana's State Conviction Was Not Vacated; No New Time Period Began.**

One of the holdings of *Johnson*, supra, was to the effect that a state court's decision vacating a prior conviction was a "fact" that restarts the Section 2255 1-year limitation period, subject to the defendant's showing that he exercised due diligence in obtaining the vacatur. *Johnson*, <u>544 U.S. at 302</u>. However, Ossana did not obtain a vacatur of his state sentence; he simply asked that his plea agreement language be modified. There is no new date of conviction for Ossana in his state case; and no new sentence imposed. He was still convicted of the same offense, Arizona Aggravated Assault, in 1999. The exception noted in *Johnson* was only to the effect that a complete vacatur of a previous conviction would be a new "fact" justifying relief under Section 2255(f)(4). *Johnson*, 544 at 303. (". . . a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.") But only the vacatur of a previous conviction qualifies as a new fact for purposes of Section 2255(f)(4), not the amendment of a written plea agreement that does not change any fact of the prior conviction.

A similar issue arose in *Keller v. United States*, <u>657 F.3d 675</u> (7th Cir. 2011). In that case, Keller did not obtain a vacatur of the applicable state sentence, so the rule in *Johnson* did not apply. *Id.* at 680.

Here, Ossana has not obtained a vacatur of his sentence, he only obtained a slight modification in the language in his written plea agreement. His conviction remained, his statute of conviction remained the same, the dates of conviction remained the same, and his sentence was unchanged. There are no grounds for Ossana to claim that a "fact" has been discovered that affected his case. The prior Eighth Circuit cases finding that Ossana was convicted under subsection (2) of <u>Ariz.Rev.Stat. Section 13-1203(A)</u> are unchanged. Ossana's change to his state plea agreement did not change the analysis used by the Eighth Circuit in affirming this Court's

decision to classify Ossana's assault conviction as a crime of violence. Further, review of the analysis used by the Eighth Circuit demonstrates that the Eighth Circuit did not rely on the language of Ossana's written plea agreement in order to decide that Ossana's conviction was a crime of violence.

Ossana also argues that the state court's designation of his Arizona offense as "Non-Dangerous, Non-Repetitive" "excludes any possibility that he pled guilty to a dangerous offense. (Ossana's Petition; Case Number 1:18 CV 00011 SNLJ; p. 11) Ossana made much the same argument in his first appeal. This argument was rejected by the Eighth Circuit when deciding whether his assault conviction was a crime of violence:

> Finally, we note that Ossana's arguments concerning a state-court judge's characterization of the offense as "NONDANGEROUS; NONREPETITIVE" are largely immaterial to our analysis. The modified categorical approach, like the categorical approach, is not concerned with the specific details of how a defendant committed his prior offense or whether a state court or state legislature considered the offense to be violent or dangerous. Our analysis is concerned only with the fact of the conviction and identifying the particular subpart of a statute that the defendant violated.

*United States v. Ossana*, 638 F.3d 895, 904 (8th Cir. 2011) (*Ossana I*)

Ossana's contention that Arizona's label on his conviction documents that state the offense is "Non-Dangerous, Non-Repetitive" is simply immaterial to the question of whether the crime is a federal crime of violence under the Guidelines.

**Ossana's Issue is Not Cognizable in a Section 2255 Proceeding.**

Ossana argues that his Sentencing Guideline range was miscalculated in that he no longer has a crime of violence. Ossana requests that this Court recalculate his Guideline range and

resentence him without finding the Arizona assault conviction to be a crime of violence.

However, in a long line of previous cases, this Circuit has held that matters of Guideline calculations are not cognizable in a Section 2255 proceeding. The defendant in *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) faced just such a problem. Sun Bear was sentenced as a career offender for a federal murder conviction. His career offender status was predicated on the classification of his prior conviction for attempted auto theft as a crime of violence. After Sun Bear was sentenced as a career offender, and after he lost his direct appeal, the case of *Begay v. United States*, 533 U.S. 137, 128 S.Ct. 1581 (2008), was announced, restricting what crimes could be considered to be violent felonies under the Armed Career Criminal Act. After that decision, this Circuit issued its decision in *United States v. Williams*, 537 F.3d 969 (8th Cir. 2008), in which it held that the crime of auto theft was not a Guidelines' crime of violence. Sun Bear sought to avail himself of the holding of *Williams* and filed a Section 2255 petition, alleging that his underlying Guideline calculations were incorrect. Following a denial of his petition by the district court, Sun Bear appealed.

The Eighth Circuit rejected Sun Bear's claim, holding:

> Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis*, 417 U.S. at 343, 94 S.Ct. 2298. Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

> . . .

Applying these principles, this court and our sister circuits have consistently held "that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Auman v. United States,* 67 F.3d 157, 161 (8th Cir.1995); *accord Pregent,* 190 F.3d 279, 284 (4th Cir.1999), and cases cited; *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir.1999); *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996). Therefore, such questions "may not be re-litigated under § 2255." *United States v. McGee,* 201 F.3d 1022, 1023 (8th Cir.2000). Although decisions such as *Auman* have reserved judgment as to whether a misapplication of the Sentencing Guidelines could *ever* support § 2255 relief, 67 F.3d at 161, neither the parties' nor our own research have uncovered decisions in which a guidelines error was held to be a "complete miscarriage of justice" cognizable under § 2255 prior to the panel opinion in *Gilbert v. United States,* 609 F.3d 1159, 1163–67 (11th Cir.2010), an opinion the Eleventh Circuit vacated when it granted a rehearing en banc. *Gilbert v. United States,* 625 F.3d 716 (11th Cir.2010).

*Sun Bear*, 644 F.3d 700, 704-05 (8th Cir. 2011).

Ossana does not claim that his sentence was issued in excess of the maximum statutory range of punishment under his statute of conviction. He merely claims that the district court should reevaluate whether his Arizona assault conviction was properly classified as a crime of violence. Like the defendant in *Sun Bear*, Ossana's claim of Guidelines calculation error is not cognizable in a Section 2255 proceeding.

**Harmless Error as to Case Number 1:18 CV 00035 SNLJ.**

Ossana cannot claim that his sentence was affected by any Guideline calculation, in that this Court announced that its sentence would have been the same even if Ossana's prior conviction were not classified as a crime of violence:

> First of all, the sentence I'm going to impose I would impose against you whether or not this prior felony conviction in Arizona was considered a felony - - an aggravated felony or violent felony or not, so I just want to make that clear that

it's not - - that the actual legal categorization of the term is not in any way affecting the sentence that I'm giving you now even though it would reduce theoretically the guideline provisions down from the 51 months to 63 months. What I'm more concerned is that, you know, you just for some reason cannot abide by the terms of your supervised release. You continue to use firearms or possess firearms I should say. And why in the world you would risk everything again by possessing a firearm I don't know.

You know, I regret having to impose another sentence against you like the one that was imposed the last time around, but what am I supposed to do? I mean, you do the same things over and over. I mean, you know they're felonies. You know you're going to go back to prison, and, you know, you can only blame your background only so much.

I mean, you've got a lot going for you. You're a very intelligent person. I think you really can make it I'm sure if you'd just get a little bit of self discipline in your life somehow, some way.

(Case Number 1:14 CR 00018 SNLJ, DCD 51,Sent. Tr., p. 12, 13)

Any claim by Ossana that his second sentence was erroneously imposed because of a Sentencing Guideline error is mistaken, given that this very Court announced that its sentence would have been the same even if Ossana's prior conviction were not classified as a crime of violence. Ossana cannot claim that his sentence would have been less with a different sentencing calculation.

Fed.R.Crim.Pr. 52 states that "Any error, defect, irregularity, or variance that does not

affect substantial rights must be disregarded." Ossana's claimed error, even if true, would be such a harmless error, since his sentence would have been exactly the same even if this Court would have found his Arizona conviction not to be a crime of violence. Ossana is not entitled to relief on his petition.

## CONCLUSION

For the foregoing reasons, this Court denies Ossana's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Ossana has not made a substantial showing of the denial of a federal constitutional right.

Dated this 5th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE